# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

VICENTE ALVARADO,
YVETTE ALVARADO,
STEVE FLORES, PRISCILLA
FLORES, TOMAS GUTIERREZ,
and BEVERLY GUTTIEREZ,

    Plaintiffs,

v.                                                                                              Civil No. 05-750 WJ/LAM

KOB-TV, L.L.C. (Channel 4 News);
and CITY OF ALBUQUERQUE,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING SUMMARY JUDGMENT IN PART
## and
## REMANDING STATE LAW CLAIMS

THIS MATTER comes before the Court upon Defendant City of Albuquerque's Motion for Summary Judgment, filed August 23, 2006 **(Doc. 60)**.  This case was removed from the Second Judicial District Court, County of Bernalillo on July 8, 2005.  Having considered the parties' briefs and the applicable law, I find that, based on the parties' stipulated dismissal of Plaintiff's § 1983 claim as the only federal claim in this lawsuit, Plaintiff's remaining claims will be remanded to state court.

## Background[1]

This case involves the disclosure of Plaintiffs' private personnel information, their names, identities and addresses, by the City and its employees to the news media, in connection with a

---

[1] See, doc. 14 for a full recital of the factual background of the case.

rape investigation. At the time relevant to the complaint, Plaintiffs Vicente Alvarado, Steve Flores and Tomas Gutierrez worked as undercover narcotics officers with the Albuquerque Police Department ("APD"). Plaintiffs' spouses are also named as parties in this lawsuit.

In May 2004, a woman informed the Albuquerque Police Department ("APD") about an alleged sexual assault committed against her by "undercover" police officers. However, the woman's description of her alleged assailants did not match the features of any of Plaintiffs, and the woman later recanted her allegations. During an investigation of the woman's allegations, search warrants of the Plaintiffs' homes were issued. Although there was a sealing order in effect regarding the Plaintiffs' names and residential addresses contained in the warrants, Plaintiffs allege that someone within APD leaked sealed information to KOB-TV, including Plaintiffs' names and addresses and the nature of the investigation. After a news crew went to Plaintiffs' homes, KOB-TV ran newscasts which disclosed that Plaintiffs were accused of sexual assault. The newscast broadcasted Plaintiffs' names, pictures, affiliation with APD, and ran footage of their homes. Plaintiffs allege violations of federal civil rights and state tort law against Defendants for the disclosure and dissemination of information which Plaintiffs claim have resulted in injury to themselves and their families.

## Discussion

The First Amended Complaint alleges various state tort claims as well as violations of federal civil rights: Count I, Invasion of Privacy; Count II, Intentional Infliction of Emotional Distress; Count III, Defamation; Count IV, False Imprisonment; Count V, Violation of

Constitutionally Implied Right to Privacy under 42 U.S.C. § 1983 and 5 U.S.C. § 552a(b).[2]

**I.      Counts I and II**

Counts I and II (invasion of privacy and intentional infliction of emotional distress) were dismissed previously as asserted against KOB-TV. See, Doc. 14.[3] Defendant argues that if Plaintiffs assert these claims against the City, these claims should be dismissed, on the grounds that no waiver of sovereign immunity exists for either tort under the New Mexico Tort Claims Act. Plaintiffs concede this argument, acknowledging that Counts I and II were asserted against KOB-TV only. Plaintiffs agree that summary judgment for the City should be entered on these claims. Resp. at 6.

**II.     Count V - § 1983 Claim**

Defendant contends that the § 1983 claim in Count V should be dismissed because there is no evidence that anyone from the City released the information. Further, Defendant contends that even if someone from the City did release the information, the release did not violate the privacy rights of any plaintiff. At most, the information was that search warrants had been obtained and served, and the release of accurate information from those search warrants does not constitute an invasion of privacy.

Plaintiffs concede that by the end of the discovery process, they were still unable to determine the identity of the confidential source of information within APD who leaked the sealed

---

[2] Sec. 552a(b)["Conditions of disclosure"] states in part: "No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be . . . (listing exceptions).

[3] Plaintiffs have appealed the dismissal of KOB-TV. See, Doc. 19 (Notice of Appeal).

information. Without knowing who this person is, Plaintiffs were unable to determine whether that person is a representative of a policy.[4] As a result, Plaintiffs agree that dismissal of their §1983 claim is appropriate.

### III.   Counts III and IV

Plaintiffs' remaining claims in Counts III and IV are state law tort claims of defamation and false imprisonment. As I have dismissed all of plaintiff's federal claims on summary judgment, I decline to exercise supplemental jurisdiction over the state law claims, pursuant to 28 U.S.C. § 1367(c)(3). Thatcher Enterprises v. Cache Cty. Corp., 902 F.2d 1472 (10th Cir. 1990) (when federal claim dismissed before trial, even though not insubstantial in the jurisdictional sense, the state law claim will generally be dismissed as well); Lawson v. Engleman, 67 Fed.Appx 524 (10th Cir. 2003) (when plaintiff's federal claims are dismissed before trial, state claims should be dismissed as well).

**THEREFORE,**

**IT IS ORDERED** that Defendant City of Albuquerque's Motion for Summary Judgment **(Doc. 60)**, is granted in part as follows:

(1)  Summary judgment is GRANTED to Defendant on Counts I and II (Invasion of Privacy and Intentional Infliction of Emotional Distress), and these claims are hereby DISMISSED WITH PREJUDICE for reasons described above;

(2)  Summary judgment is GRANTED to Defendant on Count V (§ 1983 claim), and this

---

[4] Municipal liability may be imposed for a single decision by municipal policy makers under appropriate circumstances. Pembaur v. City of Cincinnati, 475 U.S. 469 (1986). However, municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered. Id. at 481.

claim is DISMISSED WITH PREJUDICE for reasons described above;

(3) Counts III and IV (Defamation and False Imprisonment) are hereby REMANDED to the Second Judicial District Court, County of Bernalillo for further proceeding.

_____
UNITED STATES DISTRICT JUDGE